UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVIN GLENN SUMMERFIELD          CIVIL ACTION NO. 18-cv-0838

VERSUS                            JUDGE FOOTE

S. HERRING                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Kevin Glenn Summerfield ("Plaintiff") is a self-represented inmate who filed this civil action against Shreveport police officer S. Herring. Plaintiff alleges that Herring subjected him to excessive force, resulting in a fractured jaw, broken nose, torn ACL, and other injuries. He seeks compensatory damages and requests proper medical attention.

Officer Herring filed a motion for summary judgment. His memorandum describes facts that tend to justify his use of force and explains that Plaintiff was promptly taken to the hospital for medical care. Plaintiff filed a one-page opposition that is not accompanied by any competent summary judgment evidence. This case would be ripe for a recommendation that Officer Herring's motion be granted, except for one thing.

Officer Herring's motion relies on a detailed statement of facts regarding the arrest and related incidents. Such facts are ordinarily found in an affidavit or declaration from the officer made pursuant to 28 USC § 1746. In this case, Herring points only to the contents of a police report, which appears to be unsigned and unsworn. Herring does not cite any authority for the proposition that a simple typed report is competent summary judgment evidence or otherwise adequate to meet his summary judgment burden. Mere

unsworn written statements do not comply with the requirements of Rule 56. Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 515 (5th Cir. 2001) (employee's unsworn statement "is not competent summary judgment evidence"); Moore v. True Temper Sports, Inc., 523 Fed. Appx. 280 (5th Cir. 2013) (declining to consider unsworn statements in a summary judgment contest). When the opponents of motions for summary judgment submit such unsworn submissions, the courts routinely reject the material as not competent summary judgment evidence. Jones v. Anderson, 721 F. Appx 333, 334 (5th Cir. 2018) (unsworn recitation of facts not competent summary judgment evidence); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980) (even pro se litigants may not oppose summary judgment motions with unsworn materials). Herring submits video from the incident, but the recordings do not capture the key events at issue, which took place inside the motel and beyond the view of the in-car camera.

A motion for summary judgment does not have to be supported by evidence, but a movant cannot meet his initial summary judgment burden with a mere conclusory assertion that the nonmovant has no evidence to support his case; the movant must point out that there is no evidence to support a specific element of the nonmovant's claim. Austin v. Kroger Texas, L.P., 864 F.3d 326, 335 (5th Cir. 2017); Fraiser v. Beene, 2017 WL 4276935, *1 (W.D. La. 2017). Herring does not contend that he has raised such a challenge.

Officer Herring will be allowed until **March 29, 2019** to file a supplement to his motion that includes an affidavit or § 1746 declaration made under penalty of perjury that sets forth the facts that he relies upon in his motion. If Herring is unwilling or unable to

submit such evidence, he may file a supplemental memorandum that cites any authority he wishes to offer for the proposition that his previous submission is adequate under the circumstances. Plaintiff will be allowed until **April 12, 2019** to file any opposition to the supplemental submission.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of March, 2019.

Mark L. Hornsby<br>
U.S. Magistrate Judge